PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE TOWNES, | ) | |
| | ) | CASE NO. 4:25CV1492 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN HEALY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 11] |

*Pro Se* Petitioner Dominique Townes, a federal prisoner formerly incarcerated at the

Elkton Correctional Institution ("FCI Elkton"), filed a Petition for a Writ of Habeas Corpus

Under 28 U.S.C. § 2241 (ECF No. 1). Petitioner seeks to have his custody transferred to a

residential reentry center ("RRC") or home confinement[1] earlier because he claims the Federal

Bureau of Prison's ("BOP") has wrongfully denied him certain First Step Act ("FSA") credits.

Specifically, Petitioner requests that the Court order the BOP to reconsider its denial of Second

Chance Act ("SCA") halfway house placement and award him all his earned FSA time, or

consider home confinement on the correct pre-release date." *See* ECF No. 1 at PageID #: 8.

---

[1] Prerelease custody can consist of home confinement or placement at a RRC
(sometimes colloquially called a halfway house). 18 U.S.C. § 3624(g)(2)(A)-(B).

(4:25CV1492)

Respondent filed a Return of Writ and Motion to Dismiss (ECF No. 11).  In response to ECF No. 11, Petitioner filed a Notice (ECF No. 12) that provides that he will not be filing a "Brief in Response" as allowed in the prior Order (ECF No. 10 at PageID #: 59) setting a briefing schedule.

"He was [ ] reconsidered, and provided a home confinement date of January 21, 2026, or 182 days, which is the statutory maximum for home confinement placement."  Declaration of Christina Clark (ECF No. 11-1) at PageID #: 71, ¶ 4 (citing Attachment 4 (ECF No. 11-1 at PageID #: 87); 18 U.S.C. § 3624(c)(1)-(2).  Therefore, the Petition (ECF No. 1) is moot because Petitioner has received the maximum possible amount of home confinement, which is the relief requested in the Petition.  *See Sykes v. Swanson*, No. 2:20-CV-12421, 2020 WL 6273462, at *1 (E.D. Mich. Oct. 26, 2020) (case is moot when plaintiff has received the relief he seeks in the action and there is no additional relief for the court to grant).  Petitioner has been awarded the statutory maximum 365 days of time credits toward pre-release confinement.  *See* ECF No. 11-1 at PageID #: 70-71, ¶¶ 2-3 (citing Attachment 2 (ECF No. 11-1 at PageID #: 78-82)).  He is currently located at RRM Raleigh, a residential reentry management field office.  *See* BOP website, http://www.bop.gov/inmateloc/ (last visited March 16, 2026).  He has a projected FSA release date of October 15, 2027. *See* ECF No. 11-1 at PageID #: 70-71, ¶ 2 (citing Attachment 1 (ECF No. 11-1 at PageID #: 75)).

Even if this case were not moot, Petitioner's custody is lawful and the determinations made by the BOP were within its reasonable discretion.  *See Pisman v. Warden Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3rd Cir. Oct. 11, 2023) ("Pre-release placement

(4:25CV1492)

decisions are committed to the BOP's sole discretion."). He could not receive additional FSA credits and could not state a claim pursuant to the SCA. "[W]hile RRC placement and home confinement are helpful resources for readjustment to society, prisoners do not have a constitutionally protected right to serve the final twelve months of their sentence in either an RRC or in home confinement. The Second Chance Act only requires the BOP to consider placing an inmate in RRC for *up* to a 12-month period." *Caniff v. Healy*, No. 4:25CV0693, 2025 WL 1869685, at *1 (N.D. Ohio June 26, 2025) (italics in original) (internal quotation marks and citation omitted). "Under the Second Chance Act, the BOP's decision whether and when to place an inmate in pre-release community confinement is discretionary and 'determined on an individual basis' by the BOP according to the factors in 18 U.S.C. § 3621(b)." *Id.* at *2 (quoting *McIntosh v. Hickey*, No. 10-CV-126–JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). Petitioner makes no argument that the BOP did not consider him for placement pursuant to the statutory factors in § 3621(b).

Accordingly, Respondent's Motion to Dismiss (ECF No. 11) is granted. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

3

(4:25CV1492)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by

regular mail to Dominique Townes, #35409-058, RRM Raleigh, Residential Reentry Office, P.O.

Box 7000, Butner, NC 27509.[2]


IT IS SO ORDERED.


__March 16, 2026__                          __/s/ Benita Y. Pearson__
Date                                         Benita Y. Pearson
                                             United States District Judge

---

[2] Petitioner has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him").

4